IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GARRY DAVID GALLARDO,**

    **Plaintiff,**

v.                                                           **Civil Action No. 1:21cv111**
                                                                 **(Judge Kleeh)**

**UNITED STATES OF AMERICA,**

    **Defendant.**

## REPORT AND RECOMMENDATION

On August 5, 2021, the *pro se* plaintiff, an inmate incarcerated at FCI Hazelton in Bruceton Mills, West Virginia, filed this complaint pursuant to the Federal Tort Claim Act ("FTCA"). In addition, the plaintiff filed a Motion for Leave to proceed *in forma* pauperis, together with a prisoner trust account report and a consent to collection.

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a sanction shall be imposed on those prisoners who file meritless lawsuits repeatedly. The sanction is that such prisoners lose the right to proceed without prepayment of fees and costs.

> In no event shall a prisoner bring a civil rights action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); see also Ashley v. E. Dilworth, CO-1, 147 F.3d 715 (8th Cir. 1998) ("Section 1915(g) denied the installment payment method to those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted ("three strikes")."). Consequently, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies a prisoner leave to proceed *in forma*

*pauperis* pursuant to the 3 strikes provision of 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he initiates the suit." Dupree v. Palmer, 284 Fed 3d 1234, 1237 (11th Cir. 2002); see also Finley v. Doe, No. 5:07-CV-00807, 2008 WL 264-5472 (S.D. W. Va. June 30, 2008) (Johnson, J.).

The undersigned's review of PACER, the nationwide database maintained by the federal courts, indicates that at least three of the plaintiff's prior civil cases qualify as strikes under this provision.[1] See Gallardo v. Warden Spears, No. 2:93-CV-00030 (S.D. Tex. June 10, 1994) (Bivens Complaint dismissed with prejudice as frivolous under 28 U.S.C. § 1915(d)); Gallardo v. Warden Killinger, *et al.,* No. 4:95-cv-906 (N.D. Tex. April 2, 1996) (Civil rights complaint dismissed for failure to state a claim); Gallardo v. Wilson County Jail, No. SA-04-CA-00994-OG (W.D, Tex. Nov. 10, 2004) (Civil rights complaint dismissed for failure to state a claim); Gallardo v. Lappin, No. 04-0921 (GK) (D.D.C. Jan. 7, 2005) (Defendant's motion to dismiss for failure to state a claim granted); Gallardo v. Miller, SA-08-MC-0310-OLD (W.D. Tex. April 28, 2008) (Bivens case dismissed as frivolous).[2] Plaintiff is listed on the National *Pro Se* Three-Strikes Database as having accumulated at least three or more strikes.

Therefore, to avoid dismissal and proceed without prepayment of the filing fee, the plaintiff must plausibly allege that he is under imminent danger of serious physical injury. See 28 U.S.C. 1915 (g). Vague, speculative, or conclusory allegations are insufficient to invoke this exception. See Johnson v. Warner, 200 F. Appx 270, 272 (4th Cir. 2006) (*per curiam*) (unpublished). Rather,

---

[1] The undersigned acknowledges that the Fourth Circuit's position previously was that a dismissal without prejudice did not count as a strike. See McClean v. United States, 566 F.3d 291(2008). However, that position has been abrogated by the Supreme Court decision in Lomax v. Ortiz-Marguez, 2020 WL 3038282 (U.S. June 8, 2020). Therefore, regardless whether the plaintiff's prior cases were dismissed with or without prejudice, they count as strikes.

[2] Another Bivens action filed by the Plaintiff in this Court the same day this FTCA action was filed was just recommended for dismissal for three strikes on August 10, 2021. See Gallardo v. Kinder, *et al.*, Case No. 5:21cv134.

the inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).

In the instant case, the plaintiff has filed a FTCA complaint alleging that on August 26, 2020, when he was transferred to the SHU at FCI Gilmer, he lost $4,390.84 worth of personal property when his unit officer had his cellmate pack up his belongings instead of performing the task himself, permitting Plaintiff's cellmate to steal his belongings. Plaintiff avers that it is a common practice among FCI Gilmer unit officers to permit other inmates to pack up the belongings of transferred inmates, giving them the opportunity to keep what they want. As relief, Plaintiff seeks a declaratory judgment in his favor, damages of $4,390.74, plus Court costs and fees.

Upon careful review of the complaint, the undersigned concludes that the plaintiff has not made a colorable showing that this action should proceed under the exception to the PLRA's three-strikes rule. The conduct alleged in the plaintiff's complaint does not allege any immediate danger of serious physical injury.

For the foregoing reasons, the undersigned **RECOMMENDS** that the plaintiff's case be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g) and his pending Motion for Leave to Proceed *in Forma Pauperis* [ECF No. 2] be **DENIED.**

The undersigned further recommends that plaintiff be advised that if he wishes to pursue the allegations raised in the instant complaint, he must initiate a new case by filing a complaint with payment of the $402.00 filing fee.

The plaintiff shall **have fourteen days from the date of entry of this Report and Recommendation** within which to file with the Clerk of this Court, specific written

objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection. A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals**. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: August 11, 2021

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE