IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Clarksburg

**GARRY DAVID GALLARDO**,

        Plaintiff,

v.                                           **CASE NO: 1:21-CV-111**
                                                      Judge Bailey

**UNITED STATES OF AMERICA**,

        Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Michael John Aloi [Doc. 6]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Aloi for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Aloi filed his R&R on August 11, 2021, wherein he recommends the plaintiff's complaint under the FTCA be dismissed without prejudice. For the reasons that follow, this Court will adopt the R&R.

## STANDARDS OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and

1

conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. ***Haines v. Kerner***, 404 U.S. 519, 520 (1972); ***Gordon v. Leeke***, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Aloi's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Plaintiff filed his Objections to the R&R [Doc. 9] on August 23, 2021. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## **BACKGROUND**

On August 5, 2021, plaintiff filed a complaint pursuant to the FTCA [Doc. 1], along with a Motion for Leave to proceed *in forma pauperis,* together with a prisoner trust account report and a consent to collection. See [Docs. 2, 3 & 4]. In his complaint, plaintiff alleges that on August 26, 2020, when he was transferred to the SHU at FCI Gilmer, he lost $4,390.84 worth of personal property because his unit officer had his cellmate pack up his belongings; plaintiff

2

contends his cellmate stole the belongings and avers this practice is common at FCI Gilmer. [Doc. 1]. In addition to a declaratory judgment for the value of the stolen belongings, plaintiff seeks court costs and fees.

## DISCUSSION

Here, Magistrate Judge Aloi found that the subject complaint should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g) because plaintiff has lost the right to proceed without prepayment of fees and costs due to at least three (3) previously dismissed actions brought by plaintiff, which were all subsequently dismissed as frivolous, malicious, or for failure to state a claim.

As identified by the Magistrate Judge, the Prison Litigation Reform Act of 1995 ("PLRA") provides that a sanction shall be imposed on those prisoners who file meritless lawsuits repeatedly. The sanction is that such prisoners lose the right to proceed without prepayment of fees and costs.

> In no event shall a prisoner bring a civil rights action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); ***Ashely v. E. Dilworth***, 147 F.3d 715 (8th Cir. 1998) ("Section 1915(g) denied the installment payment method to those prisoners who have had three previous cases

or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted ('three strikes')."). Consequently, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies a prisoner leave to proceed *in forma pauperis* pursuant to the 3 strikes provision of 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he initiates the suit." **Dupree v. Palmer**, 284 F.3d 1234, 1237 (11th Cir. 2002).

Magistrate Judge Aloi's review of PACER, the nationwide database maintained by the federal courts, correctly revealed that at least three of plaintiff's prior civil cases qualify as strikes under this provision, and he noted that plaintiff is listed on the National *Pro Se* Three-Strikes Database as having accumulated at least three or more strikes. *See* [Doc. 6 at 2].

Accordingly, to avoid dismissal and proceed without prepayment of the filing fee, plaintiff must plausibly allege that he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). More specifically, the inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." **Martin v. Shelton**, 319 F.3d 1048, 1050 (8th Cir. 2003).

In his objections, plaintiff first argues that "an examination of plaintiff's Bureau of Prison's ('BOP') Central File would demonstrate that he has been physically assaulted by other inmates while incarcerated in the BOP, and merely because of his status of being a convicted sex-offender." [Doc. 9 at 2]. Plaintiff mistakenly asserts that such an examination triggers the aforementioned exception allowing this matter to proceed without prepayment of the filing fee. Rather, to trigger the exception, plaintiff must allege specific fact allegations of

4

imminent danger of serious physical injury *in the operative complaint* in order for the exception to apply.

Here, plaintiff has alleged he is entitled to monetary damages as a result of stolen property. *See* [Doc. 1]. The allegations related thereto fall woefully short of the nature of allegations which would prompt an application of the exception to the three strikes rule outlined herein. The remainder of plaintiff's objections appear to be an attempt to bolster the viability of plaintiff's claims under the FTCA. However, having found that plaintiff's claims do not entitle him to an application of the three strikes rule's exception waiving prepayment of fees, this Court need not address the soundness of plaintiff's contention that he has presented a cognizable FTCA claim because the complaint is barred by § 1915(g).

## CONCLUSION

Accordingly, plaintiff's objections [**Doc. 9**] are **OVERRULED**. Having found no clear error in the remainder of the magistrate judge's well-reasoned review of the pleadings, it is the opinion of this Court that the Report and Recommendation [**Doc. 6**] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, this Court **ORDERS** that the complaint [**Doc. 1**] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

Further, plaintiff's Motion to Proceed *in forma pauperis* [**Doc. 2**] is **DENIED**.

This Court further directs the Clerk to **STRIKE** this matter from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein and to mail a copy to the plaintiff.

**DATED**: October 7, 2021.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE